United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 04-10447
_____

RIDGLEA ESTATE CONDOMINIUM ASSOCIATION,

                    Plaintiff - Counter Defendant -Appellant,

                              versus

LEXINGTON INSURANCE COMPANY,

                    Defendant - Counter Claimant -Appellee.

_____

        Appeal from the United States District Court
           for the Northern District of Texas
_____

                 ON PETITION FOR REHEARING

Before KING, Chief Judge, JOLLY and DENNIS, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

     IT IS ORDERED that the Petition for Panel Rehearing is
GRANTED.  The opinion of the court issued on July 1, 2005, is
withdrawn, and the following opinion substituted in its place, with
the only change appearing in Part II D.

     In November 2001, Ridglea Estate Condominium Association
("Ridglea") submitted a claim to its insurer, Lexington Insurance
Company ("Lexington"), for hail damage -- apparently occurring in
1995 -- to the roofs of its property in Fort Worth, Texas.
Lexington denied the claim and brought suit against Ridglea,
seeking a declaratory judgment that it was not liable for the

damage. The district court realigned the parties, making Ridglea the plaintiff and Lexington the defendant. Both parties then moved for summary judgment. The district court granted Lexington's motion, holding that Ridglea's claim was barred because Ridglea failed to provide prompt notice of the damage and rejecting the argument that a showing of prejudice was required. Ridglea appeals, arguing, inter alia, that the district court erred in not requiring Lexington to show that its defense was prejudiced by Ridglea's late notice. We agree, and therefore VACATE and REMAND.

I

In July 2001, a roofing inspector informed Ridglea that the roofs of its property in Fort Worth, Texas had suffered significant hail damage. In November 2001, Ridglea submitted a claim to its then-insurer, Chubb Custom Insurance. Based on its inspection, Chubb advised Ridglea that the damage must have been caused by a May 5, 1995 hail storm, and that Ridglea would need to submit the claim to the insurer who insured the property on that date.

Ridglea then submitted a claim to Lexington, the insurer of the property as of May 1995. After inspecting the roofs, Lexington concluded that the damage likely did not exceed Ridglea's deductible. Lexington also asserted that it found no evidence that the damage was incurred during the policy period, which ran from February 1995 to February 1996. As a result, in a letter of December 19, 2001, Lexington denied Ridglea's claim.

2

After roughly a year of negotiations involving Ridglea, Lexington, Chubb, and another insurer, General Star, Ridglea made a final demand against Lexington for $449,198.63 plus attorney's fees of $10,000. Lexington again denied the claim and brought suit seeking a declaratory judgment that it was not liable for the hail damage to Ridglea's property. The district court dismissed the declaratory judgment action and realigned the parties, making Ridglea the plaintiff and Lexington the defendant in a direct suit for damages on the insurance policy.

Both parties moved for summary judgment. The district court granted Lexington's motion, holding that Ridglea's claim was barred because it had failed to comply with the policy's notice requirement. Ridglea's policy states, in pertinent part, that no policy holder may bring an action against Lexington without first giving "prompt notice of the loss or damage" to covered property. The policy further requires that prospective litigants provide, "as soon as possible[,] a description of how, when and where the loss or damage occurred". The district court concluded that the interval between May 1995, when the damage allegedly occurred, and November 2001, when Ridglea notified Lexington of its claim, was so great that "no rational finder of fact could conclude ... that Ridglea reported the hail loss and damage to buildings within a reasonable time after it was suffered". Ridglea now appeals the grant of summary judgment.

II

We review the grant of summary judgment <u>de novo</u>, applying the same standard as the district court. <u>American Guarantee and Liability Ins. Co. v. The 1906 Co.</u>, 129 F.3d 802, 805 (5th Cir. 1997). Summary judgment is appropriate where there are no genuine issues as to any material fact and the movant is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).

Ridglea contends that the district court committed four discrete, reversible errors -- all relating to the notice requirement of the policy -- in granting Lexington's motion for summary judgment. Specifically, Ridglea asserts that the court erred: (1) in finding that Lexington had not waived its late notice defense; (2) in failing to find the notice requirement unenforceable as a matter of public policy; (3) in failing to find the notice requirement ambiguous, and thus construe it in the manner most favorable to the insured; and (4) in not requiring Lexington to show prejudice in order to raise late notice as a defense.

A

We first address Ridglea's contention that Lexington has waived any defense it might have under the policy's prompt notice provision because it originally denied the claim (in its December 19, 2001 letter) on the sole basis that the damage did not occur during the coverage period.

4

Ridglea relies on Farmers Insurance Exchange v. Nelson to argue that, when an insurer denies a claim for reasons unrelated to notice of damage, the insurer waives any requirement that the insured provide notice before filing suit. 479 S.W.2d 717, 721-22 (Tex. Civ. App. 1972). Ridglea notes that Lexington's claims adjuster originally gave only one reason –- a lack of evidence that the hail damage occurred during the coverage period –- for denying Ridglea's claim. Thus, by failing to identify late notice of damage as an independent reason for its denial of the claim, Lexington waived its late notice defense.

Lexington replies that Texas courts have recognized an exception to the general rule of Farmers Insurance Exchange and points to United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Co. There, the Texas Supreme Court held that an insurer's "total denial of liability on any grounds, after the time for filing [a] proof of loss had expired would not constitute a waiver of the defense of late filing of the proof of loss". 464 S.W.2d 353, 357 (Tex. 1971). In Stonewall Insurance Co. v. Modern Exploration, Inc., the Texas Court of Appeals applied the Supreme Court's holding in Bimco to the precise issue before this court, holding that "waiver of [a] notice requirement occurs when the insurer denies liability within the time limited for giving notice" and "[c]onversely, a total denial of liability on any grounds after the time limited for giving notice would not constitute a waiver of the defense of unreasonably late notice". 757 S.W.2d 432, 436

5

(Tex. App. 1988) (emphases in original) (<u>citing</u> <u>Bimco</u>, 464 S.W.2d at 357).

Our task, then, is to determine whether the exception to the waiver rule set forth in <u>Bimco</u> and <u>Stonewall Insurance</u> applies in the case before us.  In order to do so, we must determine whether Lexington's December 19, 2001 denial of liability was made within the policy's time limit for giving notice, or after it had expired.  Because Lexington's denial of liability was made shortly after Ridglea's November 2001 notice of damage, the district court's conclusions as to the timeliness of notice provide a useful benchmark for the waiver inquiry.

The district court held that "no rational finder of fact could conclude from the summary judgment evidence that Ridglea reported the hail loss and damage to its building within a reasonable time".[1]  In support of its conclusion, the court observed that Ridglea's own expert, Patrick Brady, testified that there was "extensive damage to [Ridglea's] buildings", that said damage "was such that it would require replacement of the roofs", and even that the "damage would have been evident on May 5, 1995".  Moreover, Brady testified that the buildings' shutters and windows had been chipped and broken as a result of hail strikes, though he could not

---

[1] As discussed <u>infra</u>, where, as here, an insurance policy does not precisely define the period within which notice must be provided, Texas courts will construe the policy as requiring notice "within a reasonable time".  <u>See</u>, <u>e.g.</u>, <u>Stonewall Insurance</u>, 757 S.W.2d at 435.

say with certainty that the May 1995 storm was the cause. Finally, the record indicates that automobiles in the area of Ridglea's property suffered severe hail damage as a result of the May 1995 storm.

In response to this evidence, Ridglea offers only Brady's assertion that the damage would have been difficult for Ridglea to discover, as the roofs involved are on two story buildings, and thus, "not visible from the ground". This argument is not on point. Given the magnitude of the 1995 storm, as well as the hail damage to other portions of Ridglea's property -- i.e., the shutters and windows -- Ridglea should have been aware of the likelihood that its roofs had suffered hail damage, and thus, should have had the roofs inspected by an expert at some reasonable time soon after the hailstorm occurred. The fact that Ridglea's management neglected to do so does not serve to toll the policy's prompt notice provision in Ridglea's favor.

Thus, we hold that the prompt notice period ran from on or about the date on which Ridglea's hail damage was incurred: May 5, 1995. We need not determine precisely where, under Texas law, the boundaries of "prompt notice" or "reasonableness" lay. Instead, we simply affirm the district court's holding that to delay an inspection for six years is unreasonable as a matter of law.

In sum, because Ridglea gave its notice of damage after the period for prompt notice had expired, Lexington's subsequent general denial of liability likewise came "after the time limited

7

for giving notice" and thus did not constitute a waiver of the defense of late notice.  See Stonewall Insurance, 757 S.W.2d at 436.[2]

B

Ridglea next contends that the policy's prompt notice provision is unenforceable as a matter of public policy, and thus void.  Ridglea's argument stems from an aggressive interpretation of § 16.071 of the Texas Civil Practice and Remedies Code, which provides in pertinent part:

> A contract stipulation that requires a claimant to give notice of a claim for damages as a condition precedent to the right to sue on the contract is not valid unless the stipulation is reasonable.  A stipulation that requires notification within less than 90 days is void.

Ridglea then cites Western Indemnity Co. v. Free and Accepted Masons of Texas, for the proposition that a notice period violates

_____

[2] Ridglea further contends that, even if Farmers Insurance Exchange does not compel a finding that Lexington has waived its late notice defense, Article 21.55, § 3(c) of the Texas Insurance Code does so.  This argument is without merit.  Section 3(c) merely requires an insurer to state the reasons for its rejection of a claim.  In 1995, four years after Article 21.55 was enacted, the Texas Supreme Court held that, where a plaintiff seeks to bar an insurer from raising a defense to liability, the insurer's "reliance on a different, perhaps erroneous, reason for denying coverage [in its initial denial] is not dispositive.  What is dispositive is whether, based upon the facts existing at the time of the denial, a reasonable insurer would have denied the claim".  Republic Insurance Co. v. Stoker, 903 S.W.2d 338, 340 (Tex. 1995) (citing Aranda v. Insurance Co. of North America, 748 S.W.2d 210, 213 (Tex. 1988)).  Ridglea does not allege that Lexington's initial reason for denial was unreasonable or made in bad faith.  As such, it has not stated a case for waiver of Lexington's late notice defense.

8

§ 16.071[3] if it <u>is capable of being interpreted</u> as spanning less than 90 days. 268 S.W. 728, 728-29 (Tex. Comm. App. 1925). Next, Ridglea cites <u>Round Rock Independent School District v. First National Insurance Co. of America</u>, in which this court held that provisions calling for "immediate notice" are capable of being read as requiring notice in less than 90 days and thus unenforceable. 324 F.2d 280, 284 (5th Cir. 1963). Finally, Ridglea reasons that "prompt is a synonym for immediate", thus rendering Lexington's requirement of "prompt notice" unenforceable under § 16.071.

The argument, although novel, is irrelevant to the case before us. Section 16.071 provides that stipulations requiring notice of "claims for damages" within 90 days are unenforceable. The provision in Ridglea's policy requires notice of an "event of loss or damage" to insured property. The distinction is significant. In <u>Commercial Standard Insurance Co. v. Harper</u>, the Texas Supreme Court held that VERNON'S ANN. CIV. STAT. art. 5546, a nearly identical predecessor to § 16.071, did not render unenforceable a stipulation requiring notice of an "event of loss or damage". 103 S.W.2d 143, 145 (Tex. 1937). The court reasoned that "[n]otice that an automobile has been stolen is not 'notice of a claim for damages' as that term is used in [Article 5546]. It is only notice of the happening of an event upon which liability may or may not result".

---

[3] <u>Western Indemnity Co.</u> dealt with the proper interpretation of Article 5546, a nearly identical predecessor to § 16.071 that likewise barred notice periods of less than 90 days.

The Texas Supreme Court has reaffirmed its holding in <u>Harper</u> on several occasions. <u>See</u>, <u>e.g.</u>, <u>Community Bank & Trust v. Fleck</u>, 107 S.W.3d 541, 542 (Tex. 2002); <u>American Airlines Employees Federal Credit Union v. Martin</u>, 29 S.W.3d 86 (Tex. 2000). As such, it is quite clear that Ridglea's contention that the notice provision is unenforceable under Texas law is without merit.

C

Ridglea argues that the policy's prompt notice provision is ambiguous, and thus, should be interpreted to favor the insured. <u>See</u> <u>St. Paul Mercury Insurance Co. v. Tri-State Cattle Feeders, Inc.</u>, 628 S.W.2d 844, 846 (Tex. App. 1982) (stating, in <u>dicta</u>, that "[a]n ambiguous clause in an insurance policy is to be strictly construed in favor of the insured"). To that end, Ridglea contends that "interpreting the notice provision as requiring notice <u>once the insured discovers a loss</u> ... would certainly be reasonable". (Emphasis added.) Thus, Ridglea appears to contend that, because the term "prompt" is ambiguous, the prompt notice period cannot begin to run until the insured actually discovers the damage, no matter how objectively unreasonable its failure to discover the damage may have been.

Ridglea's proposed interpretation of the prompt notice provision is not supported by Texas precedent. As the district court observed in its order, Texas courts have held that where "the policy does not define the term 'prompt,' we construe the term as

10

meaning that notice must be given <u>within a reasonable time</u> after the occurrence". <u>See</u> <u>Stonewall Insurance Co.</u>, 757 S.W.2d at 435 (emphasis added) (citing <u>National Security Corp. v. Diggs</u>, 272 S.W.2d 604, 697 (Tex. Civ. App. 1954)). As discussed <u>supra</u>, no rational finder of fact could conclude that Ridglea's notice, which came six years after the alleged date of the hail damage, was given within a reasonable time. As such, the ambiguity that Ridglea identifies does nothing to help it overcome Lexington's defense of late notice.

D

Having established that Lexington's late notice defense is a viable one -- i.e., that it has not been waived, is not unenforceable, and is not void for vagueness -- we turn to the central issue in this case: Ridglea's contention that Texas law requires Lexington to show that it was prejudiced by Ridglea's breach of the policy's "prompt notice" provision.

As a preliminary matter, it is quite clear that Texas law requires a showing of prejudice in order to raise breach of a notice requirement as a defense against claims on certain types of insurance policies. The Texas Department of Insurance has issued orders requiring mandatory endorsements in general liability and automobile insurance policies stating that "unless the company is prejudiced by the insured's failure to comply with the requirement, any provision of this policy requiring the insured to give notice of ... occurrence or loss ... shall not bar liability under this

11

policy". See Hanson Production Co. v. American Insurance Co., 108 F.3d 627, 629 (5th Cir. 1997) (quoting Texas State Board of Insurance, Order No. 23080).

Lexington argued, and the district court agreed, that the prejudice requirement applies only to those types of policies -- i.e., automobile and general liability -- designated in the Insurance Board orders. Ridglea, however, contends that Texas law also requires a showing of prejudice in order raise late notice as a defense to liability under certain policies not designated in the orders, including the property insurance policy at issue here. When deciding questions of state law, this court is bound by Erie to rule as it believes the state's supreme court would. See, e.g., Browning Seed Inc. v. Bayles, 812 F.2d 999, 1002 (5th Cir. 1987) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)). Given the decision of the Texas Supreme Court in Hernandez v. Gulf Group Lloyds, we believe that Ridglea's position is the correct one. See 875 S.W.2d 691 (Tex. 1994).

In Hernandez, the Texas Supreme Court held that an insured's violation of a settlement-without-consent provision was not a bar to recovery under an uninsured motorist policy, unless the insurer could show that it was prejudiced by the violation. Id. The court made no reference to the orders by the Board of Insurance; instead, the court based its holding on general principles of contract interpretation. The court observed that "[i]nsurance policies are contracts" and thus subject to the "fundamental principle of

12

contract law ... that when one party to a contract commits a material breach ... the other party is discharged ... from any obligation to perform." Id. at 692. In order to determine whether a breach is material, the court observed, it must consider, inter alia, "the extent to which the non-breaching party will be deprived of the benefit that it could have reasonably anticipated from full performance". Id. at 693.

The court then considered the varying extents to which violation of a settlement-without-consent provision might deprive an insurer of the benefit of its bargain. The court ultimately reinstated the trial court's verdict for the plaintiff, holding that "an insurer who is not prejudiced by an insured's settlement may not deny coverage under an uninsured/under-insured motorist policy that contains a settlement-without-consent provision". Id.

Given the method of the Texas Supreme Court's reasoning, and the general principle underlying that reasoning, we conclude that the prejudice requirement applies to the property insurance policy at issue here.[4] As such, we hold that the district court erred in holding that Lexington was not required to show prejudice in order

---

[4] We emphasize that our holding is a narrow one. We do not read Hernandez as necessarily creating a prejudice requirement for all insurance policies issued in Texas. We have previously held, for example, that an insurer may deny coverage under a "claims made" liability policy without a showing of prejudice. See Matador Petroleum Corp. v. St. Paul Surplus Lines Ins. Co., 174 F.3d 653, 659 (5th Cir. 1999). Whether other types of policies likewise fall outside the scope of Hernandez is a question we need not reach.

to raise breach of the policy's prompt notice provision as a defense.

Because the district court erred as a matter of law in failing to require a showing of prejudice, we need not address whether questions of material fact exist with regard to the prejudicial effect of late notice. Where a trial court grants summary judgment, but fails to consider an element of a cause of action or defense, it has erred, not because it has decided factual issues properly reserved for trial, but because it has failed to determine that no genuine issue of material fact exists with respect to the omitted element. See Trevino v. Celanese Corp., 701 F.2d 397, 407 (5th Cir. 1983). As such, it will be the task of the district court on remand to determine whether Ridglea has raised questions of material fact as to whether Lexington was prejudiced by its breach of the policy's prompt notice provision.[5]

III

For the reasons set forth above, we VACATE the district court's grant of summary judgment for Lexington and REMAND for (1) a determination of whether Ridglea has raised questions of material fact as to whether Lexington's defense was prejudiced by Ridglea's

---

[5] Although we have agreed with the district court that failure to give notice for six years is "unreasonable" as a matter of law, the parties have not cited, and we have not found, any Texas case holding that a six-year delay gives rise to a presumption of prejudice, rebuttable or irrebuttable.

14

breach of the prompt notice provision; and (2) if such questions exist, trial on the merits.

VACATED and REMANDED with instructions.