# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2015

Lyle W. Cayce
Clerk

No. 15-40497
Summary Calendar

CARLOS ALANIZ,

> Plaintiff - Appellant

v.

SIRIUS INTERNATIONAL INSURANCE CORPORATION,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 7:14-CV-215

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM*:

Plaintiff Carlos Alaniz appeals the grant of summary judgment in favor of Sirius International Insurance Corporation ("Sirius") on Alaniz's claims arising from an insurance contract between the parties. For the reasons that follow, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40497

I.

Alaniz owns four rental properties at 1519, 1520, and 1526 Orlando Street, and 1614 Phoenix Street, in Edinburg, Texas. Each property contains four apartment units. Alaniz purchased two successive commercial property insurance policies for the properties from Sirius, with the policy periods extending from July 6, 2011, to July 6, 2013.

On March 29, 2012, there was a substantial hailstorm in the area of the properties. Alaniz was aware of the storm and its severity as well as reports that it caused damage to vehicles. He did not notice any hail damage, inspect the properties for hail damage, or have them inspected by a professional.

In the summer of 2013, a tenant notified Alaniz of a leaking and wet ceiling in one of the units at the 1519 Orlando Street property. Alaniz attempted to repair the ceiling by applying spackling. He inspected the roof himself but did not notice any visible damage. A week later, the tenant reported that the repair had failed, so Alaniz reapplied spackling. Shortly thereafter, a tenant in a different unit at the 1519 Orlando Street property reported the same problem, and Alaniz attempted to repair it in the same manner.

A few weeks later, an owner of a neighboring property suggested to Alaniz that the leaks and water damage might be attributed to hail damage from the March 2012 hailstorm. The neighbor told Alaniz that he had similar damage and did not initially realize it was from the hailstorm until he contacted an attorney and had the property inspected.

A few months after this conversation, Alaniz visited with an attorney regarding the damage to the property. Alaniz signed a representation agreement with that attorney on September 5, 2013. A little over five months later, on February 14, 2014, Alaniz faxed notice of hail damage and an

2

No. 15-40497

insurance claim to Sirius regarding each of his four properties.[1]  Alaniz had the roofs of the properties inspected by a professional on February 24, 2014.

After failing to receive a response from Sirius, on March 27, 2014, Alaniz filed suit against Sirius in Texas state court.  He alleged claims of breach of contract, breach of the common law duty of good faith and fair dealing, and violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA").  Sirius removed the case to federal court on diversity jurisdiction grounds and thereafter filed a motion for summary judgment arguing, among other things, that Alaniz could not recover under the insurance policy because he did not satisfy its requirement of providing "prompt notice of the loss or damage."  The district court granted summary judgment in favor of Sirius, dismissing all of Alaniz's claims.  Alaniz timely appealed.

II.

We review the district court's grant of summary judgment de novo, construing all facts and inferences in the light most favorable to the nonmoving party. *See Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).  We may affirm the district court's grant of summary judgment on any ground supported by the record and presented to the district court. *See id.*  Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Likewise, the interpretation of an insurance contract is reviewed de novo. *See Admiral Ins. Co. v. Ford*, 607 F.3d 420, 422 (5th Cir. 2010).  Because

---

[1] There is a dispute as to whether Alaniz actually sent notice to Sirius.  However, given the summary-judgment context of this case, we construe the facts in the light most favorable to Alaniz and assume he sent the faxed notice. *See Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).

No. 15-40497

this is a diversity case involving a Texas insurance contract, Texas insurance law and rules of contract interpretation apply. *See id.*

### III.

The primary basis on which the district court dismissed Alaniz's breach of contract claim was that Alaniz's failure to comply with the prompt-notice provision in the insurance contract precluded recovery under the policy. The policy required that Alaniz provide "prompt notice of the loss or damage" and, "[a]s soon as possible," provide a "description of how, when and where the loss or damage occurred." An insurer has a right to demand notice as a condition to liability under the policy. *See Dairyland Cnty. Mut. Ins. Co. v. Roman*, 498 S.W.2d 154, 157 (Tex. 1973) ("[A] provision . . . requiring that notice of the accident be given the insurer as soon as practicable is a condition precedent to liability. In the absence of waiver or other special circumstances, failure to perform the condition constitutes an absolute defense to liability on the policy."); *Stonewall Ins. Co. v. Modern Exploration, Inc.*, 757 S.W.2d 432, 435 (Tex. App.—Dallas 1988, no writ); 21 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 343.03 (2015). However, as we discuss more fully below, Texas law has qualified this right in various contexts by requiring the insurer to prove that the lack of notice prejudiced it. *See generally PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 634–37 (Tex. 2008).

Where, as here, the policy does not define the phrases "prompt notice" and "as soon as possible," Texas courts "construe the [phrases] as meaning that notice must be given *within a reasonable time* after the occurrence" *Ridglea Estate Condo. Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005) (quoting *Stonewall*, 757 S.W.2d at 435, and adding emphasis); *see also Cont'l Sav. Ass'n v. U.S. Fidelity & Guaranty Co.*, 762 F.2d 1239, 1243 (5th Cir. 1985). "What constitutes a reasonable amount of time depends on the facts

4

No. 15-40497

and circumstances in each particular case." *Stonewall*, 757 S.W.2d at 435. "While generally a question of fact, reasonableness becomes a question of law if the facts are undisputed." *Cont'l Sav.*, 762 F.2d at 1243; *see also Klein v. Century Lloyds*, 275 S.W.2d 95, 97 (Tex. 1955). As the district court recognized, in the present case, this issue may be determined as a matter of law because the relevant facts are not in dispute.

The parties dispute whether the reasonableness analysis should focus on the entire time since the hailstorm or only the period following when Alaniz's awareness of facts suggested hail damage. As did the district court, we find it unnecessary to determine the exact time period for considering the reasonableness of the notice given because, even employing Alaniz's preferred characterization, Alaniz's delay in providing notice to Sirius did not satisfy the policy's prompt-notice provision.

Construing the facts in the light most favorable to Alaniz, he provided notice to Sirius on February 14, 2014. Alaniz was aware of the March 2012 hailstorm, its severity, and damage that it caused in general, but, according to him, he did not initially realize it caused damage to his properties. In the summer of 2013, Alaniz was notified by tenants of wet ceilings and leaks in two separate units of the same apartment complex. He attempted interior repairs on the ceiling, which were initially unsuccessful. A few weeks later, an owner of a neighboring property suggested that the leaks and water damage might be attributed to hail damage from the March 2012 hailstorm. The neighbor told Alaniz that his neighboring property had similar damage, which was caused by the hailstorm, but that he did not initially realize that he had hail damage from the storm. At this point (some time in the summer of 2013), Alaniz was aware of facts necessary to conclude that he should notify his insurer of the damages to his properties or have the properties inspected by a

5

professional for hail damage.  *See Ridglea*, 415 F.3d at 477 (concluding that, given the magnitude of a hailstorm as well as hail damage to other portions of a plaintiff's property, the plaintiff "should have been aware of the likelihood that its roofs had suffered hail damage").

Nevertheless, it was not until a few months after this conversation that Alaniz took any action.  He contacted an attorney regarding the damage to his property and a representation agreement was signed with that attorney on September 5, 2013.  Alaniz's actions thus confirm that he was aware of damage to his properties that he believed required professional attention.  At that time, the hailstorm had occurred more than 17 months earlier, but Alaniz still did not provide notice to Sirius of the damage to his properties.  Instead, he delayed five and a half additional months before providing notice to Sirius.

Other courts have found similar and even briefer periods of delay in providing notice to be unreasonable as a matter of Texas law.[2]  Moreover, if the delay occurs without explanation, it is appropriate to conclude that prompt notice was not given as a matter of law.  *See Nat'l Union Fire Ins. Co. v. Bourn*, 441 S.W.2d 592, 595 (Tex. Civ. App—Fort Worth 1969, writ ref'd., n.r.e) ("[A]n

---

[2] *See, e.g.*, *Allen v. W. Alliance Ins. Co.*, 349 S.W.2d 590, 593–94 (Tex. 1961) (holding that notice provided 107 days (3.5 months) after an automobile accident was not "as soon as practicable" as a matter of law); *Klein*, 275 S.W.2d at 96–97 (delay of 32 days in notifying insured of an automobile accident was not "as soon as practicable" as a matter of law); *Edwards v. Ranger Ins. Co.*, 456 S.W.2d 419, 421 (Tex. Civ. App.—Fort Worth 1970, writ ref'd., n.r.e) (delay of 46 days in reporting damage to an aircraft was not "as soon as practicable" as a matter of law); *Nat'l Union Fire Ins. Co. v. Bourn*, 441 S.W.2d 592, 595 (Tex. Civ. App—Fort Worth 1969, writ ref'd., n.r.e) ("Notice given 44 days after the occurrence giving rise to the claim is, as a matter of law, failure to give written notice 'as soon as practicable' where the delay is totally unexplained and without excuse."); *Nat'l Surety Corp. v. Diggs*, 272 S.W.2d 604, 607–09 (Tex. Civ. App.—Fort Worth 1954, writ ref'd., n.r.e) (delay of 104 days (3.5 months) in reporting an automobile accident was not notice "as soon as practicable" as a matter of law); *Flores*, 278 F. Supp. 2d at 819–20 (concluding that failure to notify an insurer of mold damage until 6 months after the mold damage became apparent was not "prompt notice" under a homeowner's property insurance policy).

No. 15-40497

inexcused delay or delay because of a flimsy excuse entitles the insurance company to judgment as a matter of law since delays of that type violate the 'soon as practicable' provision of the policy and notice is deemed as not having been given within a reasonable time."); *Nat'l Surety Corp. v. Diggs,* 272 S.W.2d 604, 607–08 (Tex. Civ. App. 1954, writ ref'd., n.r.e). Here, Alaniz provides no explanation for his delay in providing notice, and the evidence demonstrates he did not use this period to have the properties inspected, as that did not occur until after he provided notice to Sirius. Accordingly, in light of the undisputed "facts and circumstances in [this] particular case," we conclude that Alaniz did not satisfy the policy's requirement that he provide prompt notice of the hail damage. *Stonewall*, 757 S.W.2d at 435.

However, this conclusion does not end the inquiry, because it is also necessary to address whether Alaniz's violation of the policy's prompt notice provision prejudiced Sirius. *See Ridglea*, 415 F.3d at 480.[3] The prejudice requirement is grounded in "the principle that one party is excused from performing under a contract only if the other party commits a material breach." *Greene v. Farmers Ins. Exch.*, 446 S.W.3d 761, 767 (Tex. 2014). Accordingly, "[w]hen an insurer must prove it was prejudiced by the insured's failure to

---

[3] *Ridglea* involved late notice of hail damage under a property insurance policy. *See* 415 F.3d at 479–80. We noted the lack of authority directly on point, but relied on Texas Supreme Court cases applying a prejudice requirement in other contexts. *Id.* (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691 (Tex. 1994)). We made an *Erie* guess that "the prejudice requirement applie[d] to the property insurance policy at issue" in that case. *Id.* at 480. Since that time no authoritative decision of the Texas Supreme Court has called *Ridglea*'s reasoning into question in this context. Accordingly, we are required to follow *Ridglea*'s prejudice requirement. *Cf. Berkley Reg'l Ins. Co. v. Phila. Indem. Ins. Co.*, 690 F.3d 342, 346–47 (5th Cir. 2012) (noting that recent Texas Supreme Court cases "involving an insured's failure to comply with notice and related requirements consistently [have] recognized that although the policy provisions imposing these requirements were valid, no forfeiture of coverage from breaching such obligations would result absent prejudice to the insurer").

7

comply with the notice provisions, the recognized purposes of the notice requirements form the boundaries of the insurer's argument that it was prejudiced; a showing of prejudice generally requires a showing that one of the recognized purposes has been impaired." *Berkley Reg'l Ins. Co. v. Phila. Indem. Ins. Co.*, 690 F.3d 342, 347 (5th Cir. 2012) (quoting *Blanton v. Vesta Lloyds Ins. Co.*, 185 S.W.3d 607, 612 (Tex. App.—Dallas 2006, no pet.)). The primary purpose of a prompt notice and proof of loss provision in a policy such as this one is to allow the insurer to investigate the incident close in time to the occurrence, while the evidence is fresh, and so that it may accurately determine its rights and liabilities under the policy (and take appropriate remedial action). *See Stonewall*, 757 S.W.2d at 435; *see also Blanton*, 185 S.W.3d at 615; 46 TEX. JUR. 3D INSURANCE CONTRACTS AND COVERAGE § 869 (2015).

Sirius argues that Alaniz's delay in providing notice prejudiced it by depriving it of the ability to promptly investigate damage to the properties at a time when the evidence of any hail damage would be less likely to be altered by time and continuing deterioration of the property and to provide for the repair of any such damage before further deterioration occurred. Sirius states that because the roofs were not timely fixed, the intrusion of water that purportedly caused damage to the interiors of the properties has been allowed to continue, thus causing further damage. Indeed, Sirius states that Alaniz now alleges that all sixteen apartment units have extensive property damage from water intrusion. Sirius also points out that during the period of delay, Alaniz did nothing to mitigate further deterioration of the properties by fixing the purported hail damage, but instead patched over water damage to the interior ceilings.[4]

---

[4] In addition to the foregoing, we note that testimony by Alaniz demonstrates that he

No. 15-40497

Significantly, Alaniz has completely failed to mention, much less contest, Sirius's facts or arguments on prejudice either in the district court or on appeal. Accordingly, Alaniz has not raised a dispute of material fact on the issue of prejudice.  Construing the facts in the light most favorable to Alaniz, we conclude that Sirius has proven as a matter of law that Alaniz's delay in providing notice prejudiced its ability "to promptly investigate the circumstances of the accident while the matter is fresh" and "to enable it to form an intelligent estimate of its rights and liabilities under the policy." *Stonewall*, 757 S.W.2d at 435.  Further, it is evident that there has been continued deterioration of the properties due to water damage that could have been at least partially avoided by prompt action on Alaniz's part.  Alaniz estimates the damage at upwards of $650,000.  This continued deterioration of the property prejudices Sirius's ability to investigate to what extent any damage to the properties might be attributable to the March 2012 hailstorm and exacerbates the cost of any repairs.  *See, e.g.*, *Hamilton Props. v. Am. Ins. Co.*, No. 3:12-CV-5046-B, 2014 U.S. Dist. LEXIS 91882, at *32–33 (N.D. Tex. July 7, 2014) (finding prejudice caused by delay in providing notice of purported hail damage under a property insurance policy), *appeal filed*, No. 15-10382 (5th Cir.).  Accordingly, the district court did not err in granting summary judgment to Sirius on Alaniz's breach of contract claim.

Alaniz also asserted extra-contractual claims pursuant to common law and the Texas Insurance Code.  These claims fail because such claims generally cannot be maintained when the breach of contract claim they arise out of fails. *See JAW The Pointe, L.L.C. v. Lexington Ins. Co.*, 460 S.W.3d 597, 602 & n.4

lacks records or other documentation of any damage or reports of damage to the property at the time he initially observed it that would have assisted in allowing for a proper investigation by Sirius of the purported hail damage.

No. 15-40497

(Tex. 2015) (citing, *inter alia*, *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995)); *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005)). "Although [the Texas Supreme Court has] left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim," Alaniz did not put forth evidence of such extreme conduct or of damages suffered independent of those that would have resulted from an alleged wrongful denial of his claim. *JAW*, 460 S.W.3d at 602 (quoting *Boyd*, 177 S.W.3d at 922); *see also Great Am. Ins. Co. v. AFS/IBEX Fin. Servs.*, 612 F.3d 800, 808 n.1 (5th Cir. 2010); *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198 (Tex. 1999).  In like manner, Alaniz's claims pursuant to the DTPA fail since they are predicated on the same standards as his common law bad faith claims and those asserted under the Texas Insurance Code.  *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 870 (5th Cir. 2014) (explaining that claims under DTPA and the Texas Insurance Code fail if the bad faith cause of action fails where they require the same predicate for recovery  (quoting *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997))); *Tex. Mut. Ins. Co. v. Morris*, 383 S.W.3d 146, 150 (Tex. 2012).[5]

AFFIRMED.

---

[5] Given our ruling, we need not address the additional arguments presented by the parties on the merits of Alaniz's claims.