# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2016

Lyle W. Cayce
Clerk

GASPAR GONZALEZ,

      Plaintiff - Appellant

v.

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CV-215

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

      Plaintiff–Appellant Gaspar Gonzalez sued his auto insurer, Defendant–Appellee Philadelphia Indemnity Insurance Company, for breach of contract after it refused to pay Gonzalez's underinsured motorist claim. Philadelphia moved for summary judgment, arguing that Gonzalez had failed to give it timely notice of his settlement with the underinsured motorist, as required by

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41550

the policy.  The district court granted summary judgment for Philadelphia and denied Gonzalez's motion for reconsideration.  Gonzalez appealed.  For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 16, 2010, Gaspar Gonzalez was involved in an accident with another motorist.  The other motorist was driving a vehicle owned by her mother and insured by Allstate Indemnity Company.  Her father owned the Allstate policy.  At the time of the accident, Gonzalez was acting in the course and scope of his employment with Alarm Security Group LLC.  Accordingly, he was covered under Alarm Security's insurance policy with Philadelphia Indemnity Insurance Company ("Philadelphia").  The policy included an endorsement providing uninsured/underinsured motorist coverage.  The endorsement provided that damages resulting from accidents with underinsured vehicles[1] were covered under the policy "only if" Philadelphia was "given prompt written notice of [any] tentative settlement" with the underinsured motorist and  Philadelphia "[a]dvance[d] payment to the 'insured' in an amount equal to the tentative settlement within 30 days after receipt of notification."  The endorsement expressly excluded "any claim settled without [Philadelphia's] consent," unless the "insured" gave Philadelphia "prompt written notice" of any "tentative settlement" and Philadelphia "[a]dvance[d] payment to the 'insured' in an amount equal to the tentative settlement within 30 days after receipt of notification."

On August 27, 2012, Gonzalez's counsel notified Philadelphia by letter that Gonzalez was pursuing claims for (among other things) uninsured/underinsured motorist benefits arising from the August 2010

---

[1] The policy defined an underinsured vehicle as, *inter alia*, one whose liability policy "[i]s not enough to pay the full amount the covered 'insured' is legally entitled to recover as damages."

2

accident.  Philadelphia responded a few weeks later confirming receipt of the letter, stating that Philadelphia "ha[d] established a file and [was] proceeding to investigate the facts," and requesting further information from Gonzalez, including the police report, his theory of liability, a completed Personal Injury Protection form, a completed affidavit of no insurance form, and medical bills and records.  On September 24, 2012, Gonzalez's counsel supplied some of the requested information, including medical bills showing costs of at least $26,000.

On November 2, 2012, Gonzalez settled with the other motorist, her parents, and Allstate for $25,000—the limit of the Allstate policy.  The settlement released these parties from all liability arising from the August 2010 accident.  Gonzalez did not notify Philadelphia of this settlement until March 6, 2014, when his counsel sent Philadelphia a letter stating that Gonzalez "w[ould] be making an Underinsured Claim" against Alarm Security's policy with Philadelphia because his claimed damages exceeded the $25,000 settlement.  After Philadelphia refused to pay his claim, Gonzalez sued Philadelphia for breach of contract.  Philadelphia removed the case to the United States District Court for the Southern District of Texas.  *See* 28 U.S.C. §§ 1332, 1441.

Philadelphia moved for summary judgment and the district court granted its motion.  The district court concluded that Gonzalez's failure to timely notify Philadelphia of the settlement prejudiced Philadelphia as a matter of law and this prejudice entitled Philadelphia to summary judgment.  Gonzalez moved for reconsideration, attaching the previously un-submitted correspondence between his counsel and Philadelphia from August to September 2012.  He argued this correspondence demonstrated that Philadelphia had notice and the opportunity to investigate the underinsured claim prior to settlement.  The district court denied the motion for

3

No. 15-41550

reconsideration, declining to consider the evidence because Gonzalez failed to show cause for not timely submitting this evidence—which had been in his possession since 2012. The district court also reasoned that even if it were to consider this evidence, the correspondence merely showed that Philadelphia had notice of Gonzalez's underinsured motorist claim, not of his tentative settlement with the motorist. Gonzalez timely appealed.

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same standard as the district court. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When the district court refuses to consider the attachments to a motion for reconsideration, we review denial of that motion for abuse of discretion. *Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004). "Under this standard of review, the district court's decision and decision-making process need only be reasonable." *Id.* (citing *Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994)).

## III. PREJUDICE

On appeal Gonzalez argues that even if he failed to timely notify Philadelphia of the settlement, this lack of notice did not prejudice Philadelphia. He notes that the settlement was for the other motorist's policy limit and characterizes the other motorist as a "young low-wage earning driver." Based on these facts, he claims that any rights that Philadelphia lost

4

as a result of the settlement had no value; therefore, the lack of notice did not prejudice Philadelphia.

"Texas law requires a showing of prejudice in order to raise breach of a notice requirement as a defense against claims on [automobile] insurance policies." *Ridglea Estate Condominium Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005); *see PAJ, Inc. v. Hanover Ins. Co.*, 243 S.W.3d 630, 636–37 (Tex. 2008); *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 693–94 (Tex. 1994). In a recent pair of cases, we addressed when the insured's failure to provide notice causes the insurer prejudice as a matter of law. In *Berkley Regional Insurance v. Philadelphia Indemnity Insurance* (*Berkley I*), we considered a policy requiring notice of certain events in order for coverage to apply. 690 F.3d 342, 344 (5th Cir. 2012). We explained that such notice provisions afford the insurer "valuable rights," such as "the rights to 'join in' the investigation, to settle a case or claim, and to interpose and control the defense." *Id.* at 348. We stated that notice given after a case is "over" —after a verdict is rendered or a final settlement is reached—is not just late, but "wholly lacking," and prejudices the insurer by depriving it of "a seat at the mediation table" and "the ability to do any investigation or conduct its own analysis of the case." *Id.* at 350–51. We concluded that the insurer had presented sufficient facts to avoid summary judgment on the issue of prejudice and remanded the case for further consideration. *Id.* at 352. On appeal after remand, we found that the insured failed to adduce additional evidence creating a genuine dispute of material fact regarding prejudice and prejudice had therefore been established as a matter of law. *Berkley Reg'l Ins. Co. v. Phila. Indem. Ins. Co.* (*Berkley II*), 600 F. App'x 230, 236–37 (5th Cir. 2015) (per curiam) (unpublished).

Our reasoning in *Berkley I* and *Berkley II* dictate the outcome in this case. The policy here also required notice in order for coverage to apply. It

No. 15-41550

required Gonzalez to provide Philadelphia with "prompt written notice of [any] tentative settlement" with an underinsured motorist. And Gonzalez's notice was similarly "wholly lacking": the settlement was executed on November 2, 2012, yet Gonzalez did not provide Philadelphia with notice of the settlement until March 6, 2014, over 16 months later.[2] As we recognized in *Berkley I* and *Berkley II*, this post-settlement notice deprived Philadelphia of valuable, bargained-for rights, including the rights to investigate the facts and parties to the settlement, participate in the settlement negotiations, and pursue subrogation. It makes no difference that *Berkley* dealt with post-verdict notice; the insurer loses the same valuable rights when it receives post-settlement notice.

In arguing that the rights Philadelphia lost had no value, Gonzalez relies on *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691 (Tex. 1994). But this case is easily distinguishable. In *Hernandez*, the Texas Supreme Court stated that in some circumstances failure to timely notify an insurer of settlement will not cause prejudice and thus will not relieve the insurer of liability. *Id.* at 693. However, in *Hernandez*, the insurer stipulated that (1) it had never before refused to settle a claim for the full limit of the uninsured/underinsured motorist policy, (2) the tortfeasor had no assets other than the policy and this was not likely to change in the foreseeable future, and (3) the insurer did not incur any financial loss as a result of the lack of notification. *Id.* at 693–94. Here, Philadelphia makes no similar stipulations; rather, it argues that

---

[2] Gonzalez argues that the August through September 2012 correspondence, in which he stated his intent to pursue an uninsured/underinsured motorist claim and provided documentation of medical costs of at least $26,000, put Philadelphia on notice that his damages could exceed the other motorist's policy limits. Because we conclude Gonzalez failed to show cause for not timely filing this evidence, we need not consider this argument. Regardless, as the district court concluded, this correspondence merely shows that Philadelphia had notice of the underinsured motorist claim, not that it had notice of the settlement.

No. 15-41550

Gonzalez's failure to notify deprived it of valuable rights. The fact that the other motorist was allegedly a "young low-wage earning driver" does not necessarily diminish the value of those rights. Gonzalez provides no evidence of the motorist's finances beyond his characterization. And the settlement also released the motorist's parents from liability. Yet Gonzalez offers no evidence that the motorist's parents could not have paid beyond the $25,000 policy limit. As the district court noted, had Philadelphia received notice of the tentative settlement, "[t]his is precisely the type of information that [Philadelphia] could have investigated before releasing those parties from liability."

Gonzalez has presented no evidence that would create a genuine dispute of material fact regarding prejudice. We apply the reasoning of *Berkley I* and *Berkley II* and conclude that Gonzalez's failure to provide timely notice of the settlement deprived Philadelphia of valuable rights and prejudiced it as a matter of law. Summary judgment is proper in this circumstance.

## IV. MOTION FOR RECONSIDERATION

Gonzalez argues that the interests of justice required the district court to grant his motion for reconsideration and deny summary judgment. A timely motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010) (alteration in original) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).[3] Such

---

[3] It is not clear which of these grounds was the basis for Gonzalez's motion for reconsideration. On appeal, Gonzalez attempts to characterize his motion for reconsideration as one based on manifest legal error. Yet in his motion, Gonzalez made no mention of this basis; instead he attached "additional evidence" to the motion and argued that this "additional evidence" should change the court's decision. The district court accordingly

7

No. 15-41550

motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig*, 332 F.3d at 863 (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

Gonzalez's motion for reconsideration was based on previously unsubmitted evidence that he claimed demonstrated that Philadelphia had notice of his underinsured motorist claim. But this evidence is not newly discovered. As the district court noted, and Gonzalez does not dispute, this evidence has been in his possession since 2012. Gonzalez has not offered any explanation for why he did not timely submit this evidence. And, as the district court noted, this evidence would not change the outcome of its decision because the evidence merely indicated that Philadelphia was aware of Gonzalez's underinsured motorist claim, not that it had notice of the settlement, which is the notice required by the policy. With notice merely of Gonzalez's claim, Philadelphia could not compare the findings of its investigation with the terms of the settlement or participate in settlement negotiations. Gonzalez's evidence does not undermine the district court's conclusion that the lack of notice prejudiced Philadelphia as a matter of law. Accordingly the district court did not abuse its discretion in denying Gonzalez's motion for reconsideration.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

treated the motion as being based on newly discovered evidence. Regardless of the basis, Gonzalez's motion for reconsideration lacks merit.